UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.

GENEVA GRADY and
JOHN GRADY, her husband,

Plaintiffs,

v.

CELEBRITY CRUISES, INC.,

Defendant.
_______________________________/

**COMPLAINT**

Plaintiffs, GENEVA GRADY and JOHN GRADY, her husband, sue CELEBRITY CRUISES, INC. and allege as follows:

**PARTIES, JURISDICTION, VENUE, AND GENERAL ALLEGATIONS AS TO ALL COUNTS**

1. This is an action for damages in excess of $75,000, exclusive of costs and attorneys' fees.

2. Plaintiff GENEVA GRADY ("Mrs. Grady") is a United States citizen, domiciled in Texas.

3. Plaintiff JOHN GRADY ("Mr. Grady") is a United States citizen, domiciled in Texas.

4. Defendant CELEBRITY CRUISES, INC. ("Celebrity") is a foreign company registered to do business in Florida, with its principal place of business located in Miami, Florida.[1]

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(2) and 28 U.S.C. §1333.

[1] Upon information and belief, Celebrity is a Liberian company.

6. All conditions precedent to the institution of this action have been satisfied, excused or otherwise complied with including pre-suit notice required by the terms and conditions of Celebrity's cruise ticket contract.

7. This Court has personal jurisdiction over Celebrity because at all times material Celebrity maintained its principal place of business in Miami, Florida.

8. The causes of action in this complaint arise under general maritime law of the United States or the law of the State of Florida.

9. Venue is proper in the Southern District of Florida because Celebrity maintains its principal place of business in Miami, Florida. Further, pursuant to the ticket issued for the cruise in question, suit must be brought in the United States District Court for the Southern District of Florida, in Miami-Dade County.

10. At all times material, Celebrity owned, operated, managed, maintained or controlled the vessel Celebrity *Equinox*, and managed or controlled the vessel's agents and/or employees.

11. At all times material, Celebrity was engaged in the business of and paid for providing the public, including Plaintiffs, vacation cruises aboard the *Equinox*.

12. At all times material, Plaintiffs were paying passengers on the *Equinox* during a voyage that began on November 18, 2016. A copy of their ticket or exemplar tickets are in the possession of Celebrity.

13. At all times material, the *Equinox* was located in navigable and/or territorial waters.

14. On or about November 18, 2016, while aboard the *Equinox*, Mrs. Grady was walking in the ship through an automatic door in what is believed to be Deck 5. The door opened and as Mrs. Grady passed through it, suddenly and unexpectedly closed with sufficient force to knock Mrs. Grady to floor causing severe personal injuries including a broken femur.

**COUNT I**
**NEGLIGENCE**

15. Plaintiffs reincorporate and re-allege paragraphs 1-14.

16. Celebrity, as a cruise ship owner/operator, owes its passengers a duty to exercise reasonable care under the circumstances. Celebrity's duty includes a duty to warn passengers of an unreasonably dangerous condition of which they had actual or constructive knowledge. Celebrity's duty also includes a duty to properly maintain the vessel in a reasonably safe condition.

17. The door in question, which closed unexpectedly on Mrs. Grady, created an unreasonably dangerous condition to passengers such as Mrs. Grady.

18. Celebrity breached its duty of care in one or more of the following ways:

   a. Failing to warn Mrs. Grady of the unreasonably dangerous condition posed by the automatic door in question, of which Celebrity had actual or constructive knowledge;

   b. Failing to properly maintain, service or adjust the automatic doors so as to prevent them from suddenly and unexpectedly closing on Mrs. Grady; and

   c. Allowing the dangerous condition posed by the door in question to remain on the ship.

19. As a direct and proximate result of the above acts and omissions, Mrs. Grady was severely injured.

WHEREFORE, Plaintiff, GENEVA GRADY, demands judgment against CELEBRITY CRUISES, INC. for compensatory damages, interest and costs associated with bringing this action.

**DAMAGES**

Plaintiff, GENEVA GRADY, sustained pain and suffering, mental anguish, emotional distress, permanent injury, incurred medical expenses and has sustained loss of the capacity for the enjoyment of life in the past and will incur these losses in the future.

Plaintiff's injuries and related damages were caused by the negligence of CELEBRITY CRUISES, INC..

**LOSS OF CONSORTIUM**

At all times material, JOHN GRADY, who is the lawful husband of GENEVA GRADY, has suffered loss of his wife's services, companionship, comfort and society as a direct and proximate result of the acts and omissions of the CELEBRITY CRUISES, INC..

WHEREFORE, Plaintiffs, GENEVA GRADY and JOHN GRADY, her husband, demand judgment against CELEBRITY CRUISES, INC. for compensatory damages, interest and costs associated with bringing this action.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury.

Dated: April 18, 2017

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted,

By:/s/ Robert L. Parks
Robert L. Parks
Florida Bar No. 61436
bob@rlplegal.com
ana@rlplegal.com
kaylee@rlplegal.com
Gabriel Garay
Florida Bar No. 103303
gabe@rlplegal.com
**THE LAW OFFICES OF**
**ROBERT L. PARKS, P.L.**
799 Brickell Plaza, Suite 900
Miami, Florida 33131
Tel: (305) 445-4430
Fax: (305) 445-4431

*Counsel for Plaintiffs, Geneva Grady and John Grady*